PROB 12C
(REV. 12/04)

FILED
March 31, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: JU
DEPUTY

# UNITED STATES DISTRICT COURT

for

WESTERN DISTRICT OF TEXAS

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Max Perez    Case Number: SA-15-CR-266-OLG(1)

Name of Sentencing Judicial Officer: Honorable Orlando L. Garcia, Chief United States District Judge

Date of Original Sentence: January 24, 2018

Original Offense: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)

Original Sentence: Sixty (60) months imprisonment, to be followed by a two (2) year term of supervised release

Type of Supervision: Supervised Release    Date Supervision Commenced: May 18, 2020

Assistant U.S. Attorney: Karen Norris    Defense Attorney: Julie K. Hasdorff

### PREVIOUS COURT ACTION

On June 11, 2020, a Probation Form 12B - Request for Modifying the Conditions or Term of Supervision with Consent of the Offender was filed, modifying the offender's conditions to include outpatient substance abuse treatment due to the offender's past substance abuse history.

### PETITIONING THE COURT

☒ To issue a warrant
☐ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Mandatory Condition No. 1: The defendant shall not commit another federal, state, or local crime during the term of supervision.** |
| 2. | **Standard Condition No. 10: The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).** |

3. **<u>Mandatory Condition No. 2:</u> The defendant shall not unlawfully possess a controlled substance.**

On March 10, 2021, the offender was arrested for aggravated assault with a deadly weapon. According to San Antonio Police Department (SAPD) Offense Report No. 21043106, on March 9, 2021, officers responded to a call for a robbery at Lions Park in San Antonio, Texas. Upon arrival, they found the offender' s girlfriend, Sabrina Saldivar, who stated she had been assaulted by him. She stated he grabbed her violently by the ear and bit her twice on the right shoulder, while they were at a hotel room earlier that day. After they left the hotel in her vehicle, he again became abusive, pointing a gun at her and forcing her to exit the vehicle at Lions Park. Due to the report, a warrant was filed for the offender's arrest.

The next day, SAPD Officers attempted to apprehend the offender outside of a hotel room, due to his active warrant for aggravated assault. The offender ignored officers' commands and fled in a vehicle. During the chase, the offender was involved in an accident with a moving vehicle and continued to evade officers. Officers apprehended the offender in front of his home after he exited the vehicle. During a search of the offender, officers located a baggie containing marijuana and two baggies containing methamphetamine. In addition, a search of the vehicle revealed additional shards of methamphetamine and a small smoked marijuana cigarette. The offender was allowed onto his feet upon completion of the search, and he lunged forward in an attempt to head butt one of the officers. The offender was placed under arrest and charged with evading arrest/detention with a vehicle, failure to stop and give information, possession of a controlled substance PG1 4 grams to 200 grams, and aggravated assault with a deadly weapon.

The charges were filed in Bexar County Magistrate Court under the following case numbers: Case No. 701075, Case No. 605721, and Case No. 605722. Case No. 657020 was filed in Bexar County Court at Law No. 15. He is awaiting indictment on all charges and remains in Bexar County jail in relation to the charges.

4. **<u>Standard Condition No. 7:</u> The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.**

Since his release on May 18, 2020, he has failed to find and maintain stable employment.

5. **<u>Special Condition:</u> The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.).**

**During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.**

On September 1, 2020, the offender was instructed to complete outpatient treatment with American Community Corrections Institute (ACCI) within 30 days. He failed to complete outpatient substance abuse treatment as ordered.

**U.S. Probation Officer Recommendation:**
Mr. Perez did not participate in substance abuse treatment while incarcerated. He began serving his supervised release term on May 18, 2020. He is scheduled to expire on May 17, 2022.

On May 21, 2020, the probation officer reviewed the offender's conditions of supervision with Mr. Perez and he was advised he would need to find and maintain stable employment while on supervision. On November 11, 2020, he advised he was having difficulty finding employment. So, the probation officer emailed a list of jobs that were actively hiring. He was instructed to complete applications for the jobs provided and to provide proof of his efforts. The offender failed to contact the job leads and failed to provide proof of job searches.

On September 1, 2020, the offender was referred to American Community Corrections Institute (ACCI) Outpatient Treatment. He was instructed to complete the program within 30 days of the referral. To date, the offender has not completed the treatment program.

On March 9, 2021, the probation officer received information there was an active warrant filed for the offender with the Bexar County Sheriff's Office for aggravated assault with a deadly weapon. On March 10, 2021, the offender was charged with additional crimes stemming from his attempt to evade officers, possession of illegal substances, and causing an accident at the time of his arrest. All charges remain pending, and the offender remains in the custody of the Bexar County Jail.

Based on the aforementioned violations, it is respectfully requested a warrant be issued, and a hearing held to show cause as to why the term of supervised release should not be revoked.

☒ The term of supervision should be

☒ revoked. (Maximum penalty: 5 years imprisonment; 5 years supervised release, less the term of imprisonment imposed)

extended for __ years, for a total term of __ years.

☒ The conditions of supervision should be modified as follows:

Approved:

Tracy L. Tate
Supervising U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5317

Respectfully submitted,

Rogelio V. Gonzales
U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5380
Date: March 30, 2021

cc: Sarah Wannarka
Assistant U.S. Attorney

Brenda Trejo-Olivarri
Assistant Deputy Chief U.S. Probation Officer

---

THE COURT ORDERS:

☐ No action.

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other ______________________________

Honorable Orlando L. Garcia
Chief United States District Judge

March 31, 2021
Date